Curt BAMBERGER, Plaintiff,

v.

Ramsey CLARK, Attorney General of the United States, Defendant.

Civ. A. No. 1282–65.

United States District Court
District of Columbia.

Oct. 2, 1968.

Joseph H. Sharlitt, Washington, D. C., Henry L. Stern, Los Angeles, Cal., for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Bruno A. Ristau, Atty., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The petition before this Court concerns a request for attorneys' fees pursuant to Section 20 of the Trading with the Enemy Act (50App. U.S.C. § 20 (1964)). Section 20 provides that the United States District Court must authorize all attorney's fees in excess of ten percent of the value of property recovered in an action under the Act. The statutory criterion for awarding a fee in excess of the standard is a "finding that there exist special circumstances of unusual hardship which require the payment of such excess." 50 App. U.S.C. § 20 (1964).

The complexity of the legal and factual issues involved in the litigation, time spent by attorneys in preparation, argument and negotiation, and the quality of the legal services rendered, are some of the special circumstances to be taken into consideration in authorizing attorney's fees above the statutory limit. See Rosden v. Kennedy, 308 F.2d 451 (2d Cir. 1962). The size of the award in and of itself is not a sufficient reason to authorize greater fees, since the statute presumes that ten percent is ordinarily equitable, whatever the amount recovered.

The Court finds that judicial approval of attorney's fees in excess of ten percent is warranted by the facts of this case. Petitioners have been representing the plaintiff in this matter since October 1962. Mr. Henry L. Stern was retained at that time and appeared in Dr. Bamberger's behalf before the Hearing Examiner of the Office of Alien Property, Department of Justice. He submitted a lengthy brief analyzing the provisions of both German and American law which might be applicable to plaintiff's claim. He represented Dr. Bamberger in subsequent proceedings before the Deputy Director of the Office of Alien Property and appeared as co-counsel with Mr. Joseph Sharlitt before the United States District Court for the District of Columbia and before the United States Court of Appeals for the District of Columbia. Mr. Stern has represented to the Court that he spent at least 360 hours in connection with this litigation. Considering his testimony in open court before us and the briefs and papers he tendered to this Court in support of his estimate, we are inclined to accept it as reasonable.

Mr. Sharlitt entered this litigation in March of 1965 at the request of Dr. Bamberger, and on the recommendation of Mr. Stern for the purpose of litigating the $7,742.65 award of the Office of Alien Property, Department of Justice, in the United States Federal Courts. Without recounting the details of this complex litigation (see Bamberger v. Clark, 390 F.2d 485 (D.C. Cir. 1968)), it is sufficient to say that it involved the effects of a breach of contract in pre-war Germany and the exceedingly complex determination of damages arising therefrom, involving questions of: German law, the determination of the place of the breach, the date on which damages accrued and the effect of monetary devaluations on the claim of the plaintiff. Messrs. Stern and Sharlitt successfully litigated these issues, and Dr. Bamberger subsequently agreed to settle the matter in August of 1968, for $148,909.-30. Mr. Sharlitt has submitted time sheets for himself and on behalf of his present associate, Mr. Steven R. Rivikin, totalling 916.25 hours which we accept as reasonable. It is my opinion based on the complexity of the issues, the time

spent, and the nature and quality of counsel that the requests for counsel fees are reasonable.

Upon consideration of the foregoing factors, and having held a hearing on this matter at which time all interested parties were heard and questioned, now, therefore, it is by the Court this 2nd day of October, 1968,

Ordered that petitioner's motion for the allowance of attorneys' fees in the amount of $28,745.46 for Joseph Sharlitt, Esq. and $16,112.00 for Henry L. Stern, Esq. is granted.